UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRIANA LYN MURPHY,

                Plaintiff,

v.                                            6:16-CV-1268
                                            (GTS/WBC)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                      OF COUNSEL:

THE DeHAAN LAW FIRM P.C.               JOHN W. DeHAAN, ESQ.
  Counsel for Plaintiff
300 Rabro Drive, Suite 101
Hauppauge, New York 11788

SOCIAL SECURITY ADMINISTRATION     CATHARINE L. ZURBRUGG, ESQ.
OFFICE OF GEN'L COUNSEL–REGION II    Special Assistant U.S. Attorney
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, New York 10278

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this Social Security action filed by Briana Lyn Murphy ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "Commissioner") pursuant to 42 U.S.C. § 405(g), are the following: (1) the Report-Recommendation of United States Magistrate Judge William B. Mitchell Carter, issued pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 72.3(c) of the Local Rules of Practice for this Court, recommending that the Commissioner's decision be affirmed and Plaintiff's Complaint be dismissed; (2) Plaintiff's Objection to the Report-Recommendation; and (3) Defendant's response to Plaintiff's Objection.

(Dkt. Nos. 15, 16, 19.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, the Commissioner's decision is affirmed, and Plaintiff's Complaint is dismissed.

## I.   RELEVANT BACKGROUND

### A.   The ALJ's Decision

Generally, in his decision, the ALJ rendered the following five findings of fact and conclusions of law: (1) Plaintiff has attained the age of 18 and was no longer disabled as of January 20, 2011, based on a redetermination of disability under the rules for adults who file new applications; (2) since January 20, 2011, Plaintiff has had the severe impairments of seizure disorder and borderline intellectual functioning; (3) since January 20, 2011, Plaintiff has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix ("the Listings"); (4) since January 20, 2011, Plaintiff has had the residual functioning capacity ("RFC") to perform less than the full range of light work;[1] and (5) while Plaintiff does not have any past relevant work, there are jobs that exist in significant numbers in the national economy which Plaintiff could perform (considering her age, education, work experience and RFC). (T. at 22-30.)

### B.   The Parties' Briefs

Generally, in her brief in support of her Complaint, Plaintiff asserts the following three arguments: (1) the ALJ erred in finding that Plaintiff's impairments do not meet Listing 12.05 by

---

[1] More specifically, the ALJ found that Plaintiff could not climb ropes, ladders or scaffolds; she must avoid moderate exposure to moving machinery, unprotected heights, and hazardous machinery; she is limited to work involving simple, routine and repetitive tasks performed in a low-stress work environment, defined as work with only occasional decision-making, changes in the work setting, and judgment.

2

misconstruing much of the medical and academic records to conclude that her borderline intellectual functioning and deficits in adaptive functioning did not meet the requirements of Listing 12.05; (2) the ALJ improperly found that Plaintiff's intractable migraine headaches were not a severe impairment by (a) failing to discuss or consider whether Plaintiff's intractable migraine headaches were severe impairments at Step Two of the analysis, (b) failing to properly review the medical evidence and find that Plaintiff's intractable migraine headaches easily meet the *de minimis* threshold for a severe impairment, and (c) ignoring the diagnosis of Plaintiff's treating physician Robert L. Beach, M.D., that Plaintiff's intractable migraine headache condition occurs three to four times per week, can last "hours or days," and interferes with Plaintiff's ability to concentrate and work; and (3) the ALJ failed to follow the treating physician rule by completely dismissing the expert medical opinion of Plaintiff's long-time treating physician, Dr. Beach.  (Dkt. No. 10, at "Argument.")

Generally, in her brief in response to Plaintiff's brief, Defendant asserts the following three arguments: (1) the ALJ properly determined that Plaintiff did not meet the criteria for Listing 12.05 because (a) Plaintiff relied on the current version of Listing 12.05 which was revised effective January 17, 2017, and is not applicable to the ALJ's 2015 decision, (b) in any event, Plaintiff must show, but has not shown, significantly subaverage general intellectual functioning and deficits in adaptive functioning initially manifesting before age 22, and (c) while Plaintiff's IQ scores suggest significantly subaverage intellectual functioning, the evidence of record does not show significant deficits in adaptive functioning; (2) the ALJ did not commit error when he determined that Plaintiff's migraine headaches were not a severe impairment because (a) Plaintiff's subjective complaints of migraine headaches are not sufficient to establish

a severe impairment, and (b) in any event, although the ALJ did not consider Plaintiff's migraine headaches at Step Two of his analysis, the ALJ considered Plaintiff's migraine condition at Step Four; and (3) the ALJ properly evaluated Dr. Beach's opinion because (a) an ALJ is not required to give a treating physician opinion controlling weight where, as here, it is not well supported by medically acceptable clinical and laboratory diagnostic techniques and it is inconsistent with the other substantial evidence in the record, and (b) the ALJ cited substantial evidence in support of his determination that Dr. Beach's opinion was entitled to little weight and properly weighed the medical opinion evidence according to the factors set forth at 20 C.F.R. § 416.927.  (Dkt. No. 13, at Part D of "Argument.")

### C. Magistrate Judge Carter's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Carter rendered the following three findings of fact and conclusions of law:  (1) the ALJ properly determined that Plaintiff does not meeting Listing 12.05 because evidence in the record fails to establish that Plaintiff has deficits in adaptive functioning; (2) the ALJ's Step Two determination is supported by substantial evidence, and any error the ALJ made by failing to consider Plaintiff's migraine headaches as severe at Step Two is harmless because the ALJ thoroughly considered Plaintiff's migraine headaches in his evaluation at Step Four; and (3) the ALJ complied with the treating physician rule because his decision to assign no weight to the opinion of Plaintiff's treating physician, Dr. Beach, was based on (a) the lack of medically acceptable clinical and laboratory diagnostic techniques to support that opinion and (b) the opinion's inconsistency with other substantial evidence in the record.  (Dkt. No. 15, at Part IV.)

### D.   Plaintiff's Objection to the Report-Recommendation

Generally, in her Objection to the Report-Recommendation, Plaintiff asserts the following three arguments: (1) the Magistrate Judge erred in upholding the ALJ's finding that Plaintiff did not meet Listing 12.05; (2) the Magistrate Judge erred in finding that the ALJ properly determined that Plaintiff's intractable migraine headaches were not a severe impairment; and (3) the Magistrate Judge erred in finding that the ALJ did not violate the treating physician rule with regard to the opinion of Dr. Beach.  (Dkt. No. 16, at "Objections.")

### E.   Defendant's Response to Plaintiff's Objection

Generally, in her response to Plaintiff's Objection, Defendant asserts the following three arguments: (1) Plaintiff's first objection is merely a reassertion of arguments previously submitted to Magistrate Judge Carter, and Magistrate Judge Carter properly rejected those arguments; (2) Plaintiff's second objection is merely a reassertion of arguments previously submitted to Magistrate Judge Carter, and Magistrate Judge Carter properly rejected those arguments; and (3) Plaintiff's third objection is merely a reassertion of arguments previously submitted to Magistrate Judge Carter, and Magistrate Judge Carter properly rejected those arguments.  (Dkt. No. 19, at Parts A-C of "Argument.")

## II.   APPLICABLE LEGAL STANDARDS

### A.   Standard of Review of Magistrate Judge Carter's Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or

report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[2] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311,

---

[2] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in

---

[4] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

order to accept the recommendation." *Id.*[5]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B.     Standard Governing Judicial Review of Defendant's Decision

In his Report-Recommendation, Magistrate Judge Carter correctly recited the legal standard governing judicial review of Defendant's decision. (Dkt. No. 15, at Part III.A.) As a result, that standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

### III.   ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge Carter's Report-Recommendation, the Court concludes that Magistrate Judge Carter's thorough Report-Recommendation is correct in all respects. (Dkt. No. 15.) Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id.*) As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein, and for the reasons offered by Defendant in her response to Plaintiff's Objection. (*Id.*; Dkt. No. 19.)

---

[5]     *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Carter's Report-Recommendation (Dkt. No. 15) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's decision denying Plaintiff Social Security benefits is **AFFIRMED**, and Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: February 13, 2018
      Syracuse, New York

_____
HON. GLENN T. SUDDABY
Chief United States District Judge